**John M. GINTER, Appellant,**

v.

**Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Appellee.**

**No. 23273.**

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1969.

Willys I. Peck, Saratoga, Cal., John M. Ginter, pro. per., for appellant.

Thomas C. Lynch, Atty. Gen., John T. Murphy, Joyce F. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, MERRILL and CARTER, Circuit Judges.

PER CURIAM.

Appellant appeals from the denial, after evidentiary hearing, of relief under a petition for habeas corpus pursuant to 28 U.S.C. § 2241. The substance of appellant's contentions is that his guilty plea on advice of counsel was involuntary, and, as such, a denial of due process.

At the evidentiary hearing the District Court took testimony from the appellant, his mother, and the public defender who handled the case in 1957. A deposition by the District Attorney handling the case was considered and the State Judge gave a certificate pursuant to 28 U.S.C. § 2245. Counsel was appointed for the appellant for the hearing.

The trial court on conflicting testimony found that the plea of guilty was voluntary and denied appellant relief. Only where the findings were clearly erroneous may appellant obtain reversal. Rule 52(a) F.R.Civ.P.; United States ex rel. Crump v. Sain, 7 Cir. (1961) 295 F.2d 699, cert. den. 369 U.S. 830, 82 S.Ct. 845, 7 L.Ed.2d 794. The findings were not clearly erroneous.

On appeal another attorney was appointed to represent appellant. Appellant, however, filed an opening brief and thereafter appointed counsel filed an opening brief. Appointed counsel was permitted to withdraw but this court decided each brief would be considered.

Appellant's brief is almost incomprehensible but the following contentions were raised in the court below and will be briefly considered here.

1. Failure to hold a hearing below on appellant's competency.

2. Failure of the court to commit appellant to a state hospital for treatment.

■ A psychiatrist was appointed to examine appellant as to his mental condition pursuant to § 1871 California Code of Civil Procedure (now Cal.Evid. Code §§ 723, 730–733, 775 and 897). He found appellant sane at the time of the commission of the acts and at the time of the examination. There was no doubt raised as to the sanity of the appellant and no formal hearing was required. Sections 1368–1370 Calif.Penal Code. People v. Merkouris (1959), 52 Cal.2d 672, 678–679, 344 P.2d 1; People v. Pennington (1967), 66 Cal.2d 508, 518. There is no merit to the contention.

■ Two doctors were appointed to examine appellant on the issue of sexual psychopathy under § 5504, Cal.Welfare and Institutions Code, and a hearing was had on that issue. The state trial court found appellant was *not* a sexual psychopath and would not benefit from treatment in a state hospital. The state courts complied with the procedure in effect in 1957, § 5511.7, Calif.Welfare and Institutions Code. There was no denial of appellant's right.

The judgment is affirmed.

---

* Senior Judge, The United States Court of Claims, sitting by designation.